United States District Court
Southern District of Texas

**ENTERED**

June 16, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| JOSE EDUARDO FLORES ESPINO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-01031 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the Court is Petitioner Jose Eduardo Flores Espino's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

## Background

Petitioner filed his Petition for Writ of Habeas Corpus on June 5, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States since he was young and has a spouse and four children who are all United States citizens. (*Id.* at 4.) In December of 2025, Petitioner was apprehended by immigration authorities. (Dkt. 1 at 5; Dkt. 8 at 2.) ICE took Petitioner into custody and served him with a Notice to Appear. (*Id.*) Thereafter, an Immigration Judge (IJ) denied Petitioner's application for Cancellation of Removal under the Immigration and Nationality Act (INA) § 240A(b)(1) and granted post-conclusion voluntary departure with an alternate order of

removal to Mexico. (Dkt. 1 at 5; Dkt. 8, Attach. 1 at 16–19.)[1] Petitioner reserved the right to appeal and filed an appeal of the IJ's order denying cancellation of removal which remains pending with the Board of Immigration Appeals (BIA). (Dkt. 1 at 6; Dkt. 8, Attach. 1 at 19.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of the Fifth Amendment Due Process Clause, the Administrative Procedure Act (APA), and the Suspension Clause. (Dkt. 1 at 8–10.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 11.)

The Court ordered Respondents to respond to Petitioner's petition on or before June 12, 2026. (Dkt. 4.) Respondents filed a timely Response and Motion for Summary Judgment, (Dkt. 8), arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in light of the decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision. In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

### **Discussion**

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.
2 / 6

As an initial matter, an IJ's decision in removal proceedings generally does not become administratively final until the noncitizen waives appeal or the time to appeal expires without an appeal being taken, or until the BIA affirms the IJ's decision. *See* 8 C.F.R. § 1003.6 ("[T]he decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification."). When a noncitizen is granted voluntary departure, a valid and timely appeal to the BIA stays the effect of the IJ's order and tolls the time period for the noncitizen to depart. *See Matter of A-M-*, 23 I. & N. Dec. 737, 743–44 (BIA 2005) ("[T]he timely filing of an appeal with the Board stays the execution of the decision of the Immigration Judge during the pendency of the appeal and tolls the running of the time authorized by the Immigration Judge for voluntary departure." (citing 8 U.S.C. § 1101(a)(47)(B)(i))); *Moorani v. Gonzales*, 182 F. App'x 352, 353 (5th Cir. 2006) (unpublished) ("[The noncitizen] appealed, which automatically tolled the running of the voluntary departure period."); *see also* 8 C.F.R. § 1003.6(a) ("[T]he decision in any proceeding . . . from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending . . . .").

Here, Petitioner properly reserved and filed appeal of the IJ's decision denying his application for Cancellation of Removal and granting post-conclusion voluntary departure. (Dkt. 8, Attach. 1 at 16–22.) Thus, the time period for Petitioner to depart the United States has been tolled and Petitioner remains subject to detention under 8 U.S.C. § 1225(b)(2)'s mandatory detention provision while his removal proceedings are ongoing. Turning to Petitioner's claims challenging his detention under § 1225(b)(2), the Court finds that Petitioner's due process claim

presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

4 / 6

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 8), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention and provide Petitioner with a printed copy of this Order.

4.      If Petitioner is redetained under 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this June 16, 2026.

Diana Saldaña
United States District Judge